## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRAD NELTON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-373** |
| | * | |
| **CENAC TOWING CO., LLC** | * | **SECTION "L" (1)** |

## ORDER & REASONS

Before the Court is a Motion for Summary Judgment on Jones Act Negligence filed by

Defendant Cenac Towing Co., LLC (Rec. Doc. No. 23). The Court has reviewed the submitted

memoranda and applicable law and is now ready to rule. For the following reasons, the motion is

denied.

## I. BACKGROUND AND PRESENT MOTION

This case arises out of injuries allegedly sustained by Plaintiff Brad Nelton on March 29,

2009. On that date, Plaintiff was employed as a seaman by Defendant and on board the M/V

MARIE CENAC, a barge owned and operated by Defendant. Plaintiff avers that in the course of

performing his employment duties, he attempted to remove a nut that was fastened to a header

valve blind and that he did so using a double-wrenching technique. Plaintiff alleges that as a

result, he sustained severe injuries, including to his neck and back.

In February 2010, Plaintiff filed suit in this Court, asserting claims under the Jones Act,

46 U.S.C. § 30104, and under general maritime law. Plaintiff asserts that Defendant was

negligent in its failure to supervise and train the crew and in its instructions and orders to its

employees. Plaintiff further states that Defendant's negligence caused his injuries. Plaintiff also

alleges that the vessel was unseaworthy. In its Answer, Defendant denied liability and asserted a

counterclaim against Plaintiff, seeking to recover maintenance and cure that it has paid since the incident at issue.

Defendant has filed a motion for summary judgment with respect to Plaintiff's Jones Act claim. Defendant argues that it is entitled to judgment as a matter of law because Plaintiff has not demonstrated a genuine issue of fact as to negligence and causation. Defendant notes that during Plaintiff's deposition, he testified that there was nothing the vessel's crew did or failed to do that contributed to the incident. Defendant argues that any injury that Plaintiff might have sustained was caused by himself.

Plaintiff opposes Defendant's motion. Plaintiff argues that there is evidence that Defendant knew of the danger of the double-wrenching technique and that Defendant failed to instruct crew members not to use the technique. Plaintiff also points to evidence that Plaintiff's supervisor asked Plaintiff to help remove the nuts, but positioned in himself in such a way that required Plaintiff to use the double-wrenching technique. Plaintiff also proffers evidence from medical personnel indicating that the incident caused the injuries for which Plaintiff seeks relief. According to Plaintiff, this evidence precludes summary judgment.

## II. LAW AND ANALYSIS

### A. Standard of Review

A district court can grant a motion for summary judgment only when the "'pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56 (c)). When considering a motion for summary judgment, the district

court "will review the facts drawing all inferences most favorable to the party opposing the motion." *Reid v. State Farm Mut. Auto. Ins. Co.*, 784 F.2d 577, 578 (5th Cir. 1986). The court must find "[a] factual dispute . . . [to be] 'genuine' if the evidence is such that a reasonable jury could return a verdict for the nonmoving party . . . [and a] fact . . . [to be] 'material' if it might affect the outcome of the suit under the governing substantive law." *Beck v. Somerset Techs., Inc.*, 882 F.2d 993, 996 (5th Cir. 1989) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

"If the moving party meets the initial burden of showing that there is no genuine issue of material fact, the burden shifts to the non-moving party to produce evidence or designate specific facts showing the existence of a genuine issue for trial." *Engstrom v. First Nat'l Bank of Eagle Lake*, 47 F.3d 1459, 1462 (5th Cir. 1995) (citing *Celotex*, 477 U.S. at 322-24; Fed. R. Civ. P. 56(e)). The mere argued existence of a factual dispute will not defeat an otherwise properly supported motion. *See Anderson*, 477 U.S. at 248. "If the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. *Id.* at 249-50 (citations omitted).

**B. Plaintiff's Jones Act Claim**

Under the Jones Act, an employer has the duty to "provide his seaman employees with a reasonably safe place to work." *Simmons v. Transocean Offshore Deepwater Drilling, Inc.*, 551 F. Supp. 2d 471, 475 (E.D. La. 2008) (citing *Colburn v. Bunge Towing, Inc.*, 883 F.2d 372, 374 (5th Cir. 1989)). An employer breaches that duty if it does not act with ordinary prudence and is thereby negligent. *Gautreaux v. Scurlock Marine, Inc.*, 107 F.3d 331, 338, 339 (5th Cir. 1997) (en banc). In other words, an employer breaches its duty if it disregards a danger that it "'knew or should have known.'" *Colburn*, 883 F.2d at 374 (quoting *Turner v. Inland Tugs Co.*, 689 F.

3

Supp. 612, 619 (E.D. La. 1988)). Under the Jones Act, the negligence of an employee is imputed

to the employer. *See Brister v. A.W.I., Inc.*, 946 F.2d 350, 354 (5th Cir. 1991) (noting that this

leads to "a broad basis for liability"); *see also De Zon v. Am. President Lines*, 318 U.S. 660, 664-

65 (1943).

     In addition to negligence, a plaintiff seeking relief under the Jones Act must show

causation. "[A] seaman is entitled to recovery under the Jones Act if his employer's negligence

is the cause, in whole or in part, of his injury." *Gautreaux*, 107 F.3d at 335. The Fifth Circuit has

observed that this is a "liberal causation requirement," *Brister*, 946 F.2d at 354, one that places a

"'featherweight'" burden on the plaintiff, *Landry v. Two R. Drilling Co.*, 511 F.2d 138, 142 (5th

Cir. 1975) (quoting Grant Gilmore & Charles Black, The Law of Admiralty § 6-36 (1957)).

Indeed, "[i]f the defendant's negligence played any part, however small, in producing the

seaman's injury, it results in liability." *Brister*, 946 F.2d at 354; *accord Chisholm v. Sabine

Towing & Transp. Co., Inc.*, 679 F.2d 60, 62 (5th Cir. 1982) ("Defendant must bear

responsibility if his negligence played any part, even the slightest, in producing the injury.").

     Like an employer, a seaman is "obligated under the Jones Act to act with ordinary

prudence." *Gautreaux*, 107 F.3d at 339. But a seaman's "contributory negligence does not bar

recovery" under the Act. *Gavagan v. United States*, 955 F.2d 1016, 1019 (5th Cir. 1992).

Instead, it is "an affirmative defense that diminishes recovery in proportion to the seaman's

fault." *Johnson v. Cenac Towing, Inc.*, 544 F.3d 296, 302 (5th Cir. 2008). Because a seaman's

"contributory negligence is [thus] not a complete defense," *Lafont v. Otto Candies, Inc.*, 369

F.2d 38, 40 (5th Cir. 1966), an employer moving for summary judgment on a Jones Act claim

cannot prevail by merely asserting that the seaman contributed to his own injuries. *E.g.*,

*Churchwell v. Bluegrass Marine, Inc.*, 444 F.3d 898, 903 (6th Cir. 2006) (noting that a seaman's "own negligence does not provide an adequate basis on which to grant summary judgment" to the employer); *cf. Davis v. Portline Transportes Maritime Internacional*, 16 F.3d 532, 540 (3d Cir.1994) (noting that if "*some* fault" could be attributed to a vessel owner, then "that would suffice to preclude summary judgment" with respect to a claim brought by a longshore worker (emphasis in original)). Rather, the employer must show that there is no genuine issue of material fact with respect to its own alleged negligence.

In this case, Defendant argues that it has met this requirement. In making this assertion, Defendant rests heavily on Plaintiff's deposition testimony that there was nothing that other crew members "did or failed to do that in [his] opinion caused or contributed to [the incident]." Pl.'s Ex. A at 186 (Rec. Doc. No. 42-1 at 48). Defendant also points to various documents in which Plaintiff is reported to have said that the injuries for which he seeks relief are not job-related. Relying on this evidence, Defendant argues that Plaintiff cannot show that Defendant was negligent or that any negligence on its part caused the injuries. In response, however, Plaintiff has proffered substantial evidence that points in the opposite direction. If found credible, that evidence would support the finding that Defendant was negligent and that its negligence played a part in producing the injuries for which Plaintiff seeks relief.

First, Plaintiff has proffered evidence that Defendant was negligent. Defendant's corporate representative acknowledged during his deposition that a double-wrenching operation is dangerous and that it can lead to personal injuries. Pl.'s Ex. F at 43-45 (Rec. Doc. No. 42-6 at 12). He also acknowledged that Defendant should have been aware that this technique was used by its employees. *Id.* at 58 (Rec. Doc. No. 42-6 at 16). Indeed, the captain onboard stated during

his deposition that the technique is commonly used and that he has approved of its use. Pl.'s Ex. B at 29 (Rec. Doc. No. 42-2 at 9). There is evidence that at the relevant times, neither Defendant's safety manual nor its training made it clear to employees that this technique is dangerous. *See, e.g.*, *id.* at 31 (Rec. Doc. No. 42-2 at 9) (manual); Pl.'s Ex. E at 50 (Rec. Doc. No. 42-5 at 14) (training).

With respect to the task that Plaintiff performed, there is evidence that it is a one-man job, *e.g.*, *id.* at 44 (Rec. Doc. No. 42-5 at 12), and that the individual who is to remove the nuts from the header valve blind is to stand in an elevated drip pan in order to gain the requisite leverage, *e.g.*, Pl.'s Ex. B at 25-26 (Rec. Doc. No. 42-2 at 8). In addition, evidence indicates that on the day at issue, a tankerman asked Plaintiff to help remove the nuts on the header valve blind, but that the tankerman stood in the drip pan, in effect requiring Plaintiff to use the double-wrenching technique to remove the nuts. Pl.'s Ex. A at 190-92 (Rec. Doc. No. 42-1 at 49). Plaintiff has testified that the tankerman saw him struggling, but did not offer to let him stand in the drip pan or advise him not to use the double-wrenching technique. *Id.* at 238-39 (Rec. Doc. No. 42-1 at 61). When viewed in the light most favorable to Plaintiff, this evidence can support the finding that Defendant disregarded a danger that it knew or should have known and that it was thus negligent.

In its brief, Defendant seeks to draw attention to Plaintiff's deposition testimony that he could have waited to get into the proper position to remove the nuts and that he could have otherwise chosen not use the double-wrenching technique. *Id.* at 191 (Rec. Doc. No. 42-1 at 49). To the extent that there is other evidence indicating that Plaintiff knew or should have known of the danger of the double-wrenching technique, this evidence could suggest that Plaintiff was

himself negligent. But as noted above, the mere fact that a plaintiff may have been contributorily negligent is not sufficient for an employer to prevail on summary judgment because contributory negligence is not a complete defense. *See, e.g.*, *Churchwell*, 444 F.3d at 903. Here, Plaintiff has proffered evidence that, if found credible, would indicate that Defendant itself was negligent.

Second, Plaintiff has proffered evidence that Defendant's alleged negligence played a part in producing the injuries for which he seeks relief. In its brief, Defendant appears to place significance on an incident report form filled out by the captain. Def.'s Ex. 5 (Doc. Rec. No. 23-9). According to the captain, Plaintiff stated that the pain he felt after the incident was not job-related. *Id.* Defendant has also proffered other documents in which Plaintiff is said to have reported that the injuries were not job-related and instead stemmed from a car accident about one year prior to the incident at issue. *E.g.*, Def.'s Ex. 6 (Doc. Rec. No. 23-10); Def.'s Ex. 8 (Rec. Doc. No. 23-12).

Plaintiff has proffered sufficient evidence in response to indicate that there is a genuine issue of fact on the question of causation. First, the evidence that Plaintiff did not characterize his injuries to be job-related can be explained if one takes into account evidence of discussion that took place at a crew change meeting about a week before the incident. Indeed, there is evidence that at the meeting, Defendant discouraged employees from reporting injuries and instead asked them to "work through it." *E.g.*, Pl.'s Ex. A at 132-33 (Rec. Doc. No. 42-1 at 35); Pl's. Ex. C at 74-77 (Rec. Doc. No. 42-3 at 20-21).

Second, there is testimony from medical personnel indicating that the injuries are attributable to the incident at issue rather than the car accident. *E.g.*, Pl's Ex. L at 38-42. Given that Plaintiff himself is not a medical professional, and given that we must view the evidence in

the light most favorable to Plaintiff, it is clear that this evidence creates a genuine issue of fact as to whether Defendant's alleged negligence "played any part" in producing Plaintiff's injuries. *Brister*, 946 F.2d at 354. Under these circumstances, it is clear that Defendant's motion for summary judgment must be denied.

Defendant appears to cite to three cases in which employers were held to be not liable as a matter of law in order to argue that the instant case is analogous to those cases. But all three are inapposite. In *Harrison v. Seariver Maritime*, the Fifth Circuit held in an unpublished, non-precedential opinion that the employer was not negligent in requiring the seaman to "carry, instead of lower, hoses down stairs." 2003 WL 342266 at *5 (5th Cir. 2003). What the Court of Appeals found to be "critical[]," however, was the absence of any evidence suggesting that carrying hoses down a set of stairs is "unsafe." *Id.* Here, in contrast, Defendant appears to have acknowledged that the double-wrenching technique is dangerous.

In *Aucoin v. Seacor Marine, Inc.*, the Court granted summary judgment to the defendant. 1993 WL 21475 at *1 (E.D. La. 1993). The Court did so, however, because the plaintiff did not provide "any supporting affidavits or exhibits" along with its opposition memorandum. *Id.* at *2. The Court observed that "summary judgment is . . . rarely granted in Jones Act negligence cases," *id.* at *1, and it thus understood the plaintiff's failure to provide "any support whatsoever" to render that case exceptional, *id.* at *2. Here, in contrast, Plaintiff has produced substantial evidence to support his claim.

Finally, the Court also granted summary judgment in *Brown v. Cenac Towing Co., Inc.*, 2010 WL 520492, at *2 (E.D. La. 2010). Although the Court did find significance in the plaintiff's testimony that "nothing done by the vessel's crew did anything to contribute to his

injury," what clearly guided the Court's decision in that case was the overarching fact that "nothing presented in the complaint, memoranda, or accompanying depositions suggests any negligence on behalf of Cenac." *Id.* Here, it simply cannot be said that there is "nothing" to indicate negligence on the part of Defendant. Thus, all three cases cited by Defendant are wholly inapposite, and they provide no support for Defendant's argument that it is entitled to summary judgment.

## III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's Motion for Summary Judgment on Jones Act Negligence (Rec. Doc. No. 23) is hereby **DENIED**.

New Orleans, Louisiana, this 18th day of October, 2010.

_____
United States District Judge