UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **BRAD NELTON** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 10-373** |
| | * | |
| **CENAC TOWING CO., LLC** | * | **SECTION "L" (1)** |

## ORDER

On the last day of trial in this matter, Plaintiff sought to call Dr. Jeffrey Nees by deposition as part of his rebuttal. Plaintiff also moved to strike the expert report of Dr. Kenneth Boudreaux. Defendant made objections to both requests, and the Court reserved ruling on both issues. For the following reasons, the deposition testimony of Dr. Nees is admitted as rebuttal testimony, and Plaintiff's motion to strike is denied.

On the last day of trial, Plaintiff sought to call Dr. Nees by deposition as rebuttal to the testimony of Dr. Christopher Cenac, Jr., who was called by Defendant in its case and who provided testimony on the issue of causation. Defendant made a timely objection, noting that Plaintiff could have called Dr. Nees by deposition in its case in chief. Defendant argued that having failed to call Dr. Nees, Plaintiff should be precluded from doing so in rebuttal. Having now fully considered the testimony given at trial and the applicable law, the Court concludes that Plaintiff may properly call Dr. Nees by deposition as rebuttal to the testimony of Dr. Cenac.

"[W]here a plaintiff asserts that the incident [at issue] was the producing cause of his [neck] condition, it is to be expected that he will maintain that position at trial. Where the defense position is that the incident did not produce the condition, it is a part of its case in chief to demonstrate that the condition, if real, was pre-existent." *Morgan v. Commercial Union*

1

*Assurance Cos.*, 606 F.2d 554, 555 (5th Cir. 1979). In this regard, it is not necessary for the plaintiff to address in its case in chief all of the "various ways" in which "the pre-existence of the condition might be demonstrated" by the defendant. *Id.* Indeed, a plaintiff "has the right to adduce whatever evidence is necessary to establish its prima facie case [on the issue of causation] and is under no obligation to anticipate and negate in its own case in chief any facts or theories that may be raised on defense." *Rodriguez v. Olin Corp.*, 780 F.2d 491, 496 (5th Cir. 1986). A plaintiff may, at the rebuttal stage, properly seek "to explain, repel, counteract, or disprove the evidence of [the defendant]" regarding alternative theories of causation. *United States v. Delk*, 586 F.2d 513, 516 (5th Cir. 1978).

At trial in this case, Plaintiff introduced evidence regarding the issue of causation. In turn, Defendant called Dr. Cenac as an expert witness and elicited testimony from him on that issue in its own case. In light of the above, it is clear that the mere fact that Plaintiff could have called Dr. Nees by deposition in its case in chief does not foreclose Plaintiff from calling Dr. Nees at the rebuttal stage. Rather, having sustained its prima facie burden in its case in chief on the issue of causation, Plaintiff could have sought to counteract the testimony of Dr. Cenac on that question at the rebuttal stage. This is precisely what Plaintiff sought to do. The Court thus finds that it is within its "sound discretion" to receive the deposition testimony of Dr. Nees as rebuttal testimony in this matter. *United States v. Winkle*, 587 F.2d 705, 712 (5th Cir. 1979).

With regard to Plaintiff's motion to strike the expert report of Dr. Boudreaux, it should be noted that Plaintiff had previously filed the same motion before trial and that the motion was denied. The Court explained that the collateral source rule is a substantive rule of law with evidentiary implications and that the admission of evidence regarding the disability benefits does

not affect the determination of how the substantive rule is to be applied in this case. At trial, the Court further explained that considerations of judicial economy weigh in favor of admitting the evidence. By renewing its motion to strike, Plaintiff is thus asking the Court to reconsider its earlier ruling. At present, however, there are no grounds that warrant the reconsideration of the Court's earlier decision. Accordingly, Plaintiff's latest motion to strike the expert report of Dr. Boudreaux must be denied.

For the foregoing reasons,

**IT IS ORDERED** that the deposition testimony of Dr. Nees is hereby admitted as rebuttal testimony and shall be entered into the record as such.

**IT IS FURTHER ORDERED** that the motion to strike the expert report of Dr. Boudreaux made by Plaintiff on the last day of trial is hereby denied.

New Orleans, Louisiana, this 14th day of December, 2010.

_____
UNITED STATES DISTRICT JUDGE